J-A23015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY JONES | : | |
| | : | |
| Appellant | : | No. 1847 EDA 2019 |

Appeal from the PCRA Order Entered June 10, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004187-1993

BEFORE:  KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

CONCURRING MEMORANDUM BY PELLEGRINI, J.:  **FILED: FEBRUARY 2/12/21**

The majority holds that Jones cannot establish that his petition was timely under the "newly-recognized constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii).  It does so because it found that to invoke that exception, Jones needed to file his petition within 60 days of the Supreme Court's decision in **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718 (2016), which made **Miller v. Alabama**, 567 U.S. 460 (2012), retroactive for reviewing illegal sentences where a juvenile faces a mandatory life sentence. **See Commonwealth v. Secreti**, 134 A.3d 77, 82-83 (Pa. Super. 2016) (holding that "[t]he date of the **Montgomery** decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60–day rule in

_____

[*] Retired Senior Judge assigned to the Superior Court.

Section 9545(b)(2)" for determining whether a PCRA petition raising a *Miller/Montgomery* claim is timely). Because Jones did not do that, the majority finds that he cannot invoke the exception under subsection 9545(b)(1)(iii).

I write separately because the "newly-recognized constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii) does not apply because Jones could not challenge his assault by life prisoner conviction until he received a non-LWOP sentence in his juvenile case. Once he received the non-LWOP in his juvenile case, that would constitute a "newly-discovered fact exception" under subsection 9545 (b)(1)(ii). Under that exception, a petitioner must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Moreover, the plain language of subsection 9545(b)(1)(ii) is not so narrow as to limit itself to only claims involving after-discovered evidence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). Consequently, I would hold that his time to file his petition does not begin to run from when *Montgomery* was decided, but from the time his non-LWOP conviction in his juvenile case was vacated because it was the first time he could have challenged his assault by a life prisoner conviction.

Jones, however, never asserted subsection 9545(b)(1)(ii) to avoid the PCRA time bar. Moreover, even if he had asserted the exception, Jones's

petition would still be untimely because he did not file it within 60 days of the Delaware County Court of Common Pleas order vacating his underlying LWOP sentence on the juvenile case on September 7, 2017.

Accordingly, I concur in the majority's judgment.

Judge Nichols joins the concurring memorandum.